UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Patricia Chiler : <br> 144 Killbeer Rd. : <br> Webster, MA 01570 : <br>             Plaintiff : <br>   vs. : <br> : <br> Michael Wilkins : <br> 14 Fountainhead Rd. : <br> Terryville, CT 06786 : <br>             And : <br> Rush Hour Rentals, LLC : <br> 40 South St. : <br> New Britain, CT 06051 : <br>             Defendants : | Civil Action # _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### PARTIES

1. Plaintiff, Patricia Chiler, is a resident of the Commonwealth of Massachusetts, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Michael Wilkins, is a resident of the State of Connecticut, residing at the address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, Rush Hour Rentals, LLC, is a corporate entity in the State of Connecticut, with a business address listed in the caption of this Complaint.

### JURISDICTION

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Patricia Chiler, is a citizen of Massachusetts and the Defendant, Michael Wilkins, is a citizen of Connecticut, and the Defendant, Rush Hour Rentals, LLC, upon information and belief is a corporate entity, and it's principal place of business is in

Connecticut, and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. The Court has jurisdiction over this claim against the Defendants, Michael Wilkins and Rush Hour Rentals, LLC, for money damages pursuant to 28 U.S.C. § 1332.

## FACTS

6. On or about January 6, 2022, at approximately 10:30 a.m., Plaintiff, Patricia Chiler, was the operator of a motor vehicle, which was turning left into the parking lot at 32 E Main St., in Webster, MA.

7. At or about the same date and time, Defendant, Michael Wilkins, was the operator of a motor vehicle, owned by Defendant, Rush Hour Rentals, LLC, which was traveling at or near the aforesaid intersection and/or the location of Plaintiff's vehicle.

8. At or about the same date and time, Defendants' vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

9. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

10. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiffs.

11. As a result of the accident, Plaintiffs suffered serious, severe and permanent bodily injuries, including to the left shoulder and neck, as set forth more fully below.

## COUNT I – NEGLIGENCE
### Patricia Chiler v. Michael Wilkins

12. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

a. Striking Plaintiff's vehicle while attempting to pass the Plaintiff's vehicle on the left side as the Plaintiff was taking a left hand turn into a parking lot;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating his/her vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e. Failing to have his/her vehicle under proper and adequate control;

f. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Failure to keep a proper lookout;

h. Failure to apply brakes earlier to stop the vehicle without striking Plaintiff's vehicle;

i. Being inattentive to his/her duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a dangerously high rate of speed for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to exercise ordinary care to avoid a collision;

      p.     Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

      q.     Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

      r.     Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

      s.     Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts pertaining to the operation and control of motor vehicles;

13. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the left shoulder and neck, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including his/her motor vehicle, which

Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

17. As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

19. WHEREFORE, Plaintiff, Patricia Chiler, demands judgment in Plaintiff's favor and against Defendants, Michael Wilkins, plus interest and costs and such other and further relief as this Court deems meet and just.

## COUNT II
### Patricia Chiler v. Rush Hour Rentals, LLC
### Negligent Entrustment

20. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

21. The negligence and/or carelessness of Defendant, Rush Hour Rentals, LLC, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a. Permitting Defendant, Michael Wilkins, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

    b. Permitting Michael Wilkins, to operate the motor vehicle when Defendant, Rush Hour Rentals, LLC, knew, or in the exercise of due care and diligence,

    should have known that Defendant, Michael Wilkins, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Rush Hour Rentals, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Michael Wilkins's negligent operation of the motor vehicle.

22. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including to the left shoulder and neck, all to Plaintiff's great loss and detriment.

23. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

25. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

26. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Patricia Chiler, demands judgment in Plaintiff's favor and against Defendants, Rush Hour Rentals, LLC, plus interest and costs and such other and further relief as this Court deems meet and just.

**PRAYER FOR RELIEF**

28. Plaintiff, therefore requests a judgment in Plaintiff's favor and against Defendant for compensatory damages and such other relief as this court deems just and proper.

Respectfully submitted,

SIMON & SIMON, P.C.

Dated:

BY: *Adam Holtman*
Adam Holtman, Esquire
BBO# 695758

SIMON & SIMON, P.C.
Attorneys for Plaintiff
100 Cambridge Street, 14th Floor
Boston, MA 02114
857-233-0559
adamholtman@gosimon.com